UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELEANA GENAO,                          :

    Plaintiff,          :  **06 Civ. 3667 (RWS)**

   v.                               :

AVON SALON & SPA,                  :

    Defendant.       :
-------------------------------------------------------X

## DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT

  **PLEASE TAKE NOTICE THAT,** upon the complaint herein (Exhibit 1 hereto); the

answer herein (Exhibit 2 hereto); defendant's annexed statement of uncontested material facts

pursuant to Rule 56.1 of the Local Civil Rules of the Southern District of New York; the annexed

affidavit of Jill-Marie DePrado, sworn to on March 22, 2007, with documentary exhibits thereto;

the annexed affidavit of Arleen Navarro, sworn to on March 19, 2007, with documentary

exhibits thereto; the annexed affidavit of Nasreen Davidson, sworn to on March 20, 2007, with

documentary exhibits thereto; the annexed affidavit of Miriam Ort, sworn to on March 21, 2007,

with documentary exhibits thereto; the annexed affirmation of Jonathan A. Wexler, Esq., sworn

to on March 29, 2007, with documentary exhibits thereto; the accompanying Local Rule 56.2

Notice; and the accompanying memorandum of law in support of the motion, defendant Avon

Products, Inc. (s/h/a "Avon Salon & Spa"), by its attorneys Vedder, Price, Kaufman &

Kammholz, P.C., will move this Court at the United States Courthouse at 500 Pearl Street, New

York, New York 10007, at a date and time designated by the Court, for an Order pursuant to

Rule 56 of the Federal Rules of Civil Procedure granting summary judgment in favor of

defendant and dismissing the complaint in the above-captioned action in its entirety on the

grounds that defendant is entitled to judgment as a matter of law as to plaintiff's claims of race

discrimination and retaliation.

**PLEASE TAKE FURTHER NOTICE** that opposing papers, if any, must be served

upon the undersigned on or before April 13, 2007.


Dated: New York, New York
       March 29, 2007

                              Respectfully submitted,

                              VEDDER, PRICE, KAUFMAN & KAMMHOLZ



                              By: _____
                                   Jonathan A. Wexler (JW 5587)

                              Attorneys for Defendant Avon Products, Inc.

                              805 Third Avenue - 23rd Floor
                              New York, New York  10022
                              (212) 407-7700


To:    Eleana Genao
       Plaintiff Pro Se
       144-77 41st Avenue, #419
       Flushing, New York  11355

Exhibit 1

(Rev. 2/5/98) Summons in a Civil Action

# United States District Court

| SOUTHERN | **DISTRICT OF** | NEW YORK |

Eleana Genao

**v.**

Avon Salon & Spa

**TO:** (Name and address of defendant)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**06 CV 3667**

**JUDGE SWEET**

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

*Pro Se* Eleana Genao
144-77 41 Avenue
Flushing, NY   11355

An answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 1 5 2006

CLERK

DATE

(BY) DEPUTY CLERK

(Rev. 2/5/86) Summons in a Civil Action

# RETURN OF SERVICE

| | Date |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| NAME OF SERVER (PRINT) | Title |
|---|---|
| | |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
　　　　　　　　Date　　　　　　　　　　　　　　Signature of Server

_____
Address of Server

(1)　As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CV 3667**

**JUDGE SWEET**

**I.F.P. GRANTED.**
Leave to proceed in this Court
without payment of fees is
authorized.  28 U.S.C. S 1915.
**REQUEST TO PROCEED**
So Ordered; *IN FORMA PAUPERIS*

MAY 1 2 2006

**(Date)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Chief Judge**

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

Eleana Genao

v.

Avon and Spa.
725 5 Ave New York
Zip 10022

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, Eleana Genao _____, *(print or type your name)* am the plaintiff /petitioner
in the above entitled case and I hereby request to proceed *in forma pauperis* and without being
required to prepay fees or costs or give security.  I state that because of my poverty I am unable to
pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to
redress.

1.    If you are presently employed:
         a) give the name and address of your employer
         b) state the amount of your earnings per month

      John Barrett 754 5 Ave New York 10019
      1,080

2.    If you are NOT PRESENTLY EMPLOYED:
         a) state the date of start and termination of your last employment
         b) state your earnings per month
      **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**
      Feb — Dec 2004.

3.    Have you received, within the past twelve months, any money from any source?  If so, name
      the source and the amount of money you received.
      N/A

      a) Are you receiving any public benefits?        ☑ No.    ☐ Yes, $_____.

      b) Do you receive any income from any other source?   ☑ No.    ☐ Yes, $_____.

4.  Do you have any money, including any money in a checking or savings account? If so, how much?

    _Aprox 1,000 Checking_

5.  Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

    ☑ No.   ☐ Yes, _____.

6.  List the person(s) that you pay money to support and the amount you pay each month.

    _N/A_

7.  Do you pay for rent or for a mortgage? If so, how much each month?

    _$775 rent_

8.  State any special financial circumstances which the Court should consider.

    _Con Edison aprox 100, Car Insurence 329_
    _Providian Visa aprox 300, Capitel one visa aprox 300_
    _Phone aprox 50   Per month_

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. In addition, if I give a false answer I will be subject to the penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _5_ day of _march_ , _2006_.
       *date*        *month*      *year*

_____
*signature*

rev. 3/2006

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE SWEET**

Eleana Genao

144-77 41 Ave

Flushing N.Y 11355

NAME OF PLAINTIFF(S)

"Jury Trial Demanded"

v.

Avon Salon & Spa

725 5 Ave New York

zip 10022

NAME OF DEFENDANT(S)

**COMPLAINT**

**06 CV 3667**

This action is brought for discrimination in employment pursuant to *(check only those that apply):*

✓  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

_____  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*


RECEIVED APR 17 2006

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.   Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1.   Plaintiff resides at:

144-77 41 Ave
<u>Street Address</u>                                    , Flushing        ,
                                                           City

Queens        , N.Y    , 11355 , (718) 962-4359    .
County          State    Zip Code   Telephone Number

2.   Defendant(s) lives at, or its business is located at:

725 5 Ave
<u>Street Address</u>                              , Manhatten       ,
                                                    City



              , N.Y    , 10022 , (212) 755-Avon    .
County          State    Zip Code   Telephone Number

3.   The address at which I sought employment or was employed by the defendant(s) is:

726 5 Ave
<u>Street Address</u>                                                ,

              , Manhatten    , N.Y        , 10022    .
County          City          State          Zip Code

4.    The discriminatory conduct of which I complain in this action includes *(check only those that apply)*:

_____ Failure to hire me.

✓ Termination of my employment.

_____ Failure to promote me.

_____ Failure to accommodate my disability.

_____ Unequal terms and conditions of my employment.

✓ Retaliation

✓ Other acts *(specify)*:_____.

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.    It is my best recollection that the alleged discriminatory acts occurred on:_____.
                                          *Date*

6.    I believe that defendant(s) *(check one)*

_____ is still committing these acts against me.

✓ is <u>not</u> still committing these acts against me.

7.    Defendant(s) discriminated against me based on my:

        *(check only those that apply and explain)*

[✓]  race  Black Hispanic   [ ]  color  _____

[ ]  gender/sex  _____       [ ]  religion  _____

[✓]  national origin   Puerto Rican _____

[ ]  age  _____.  My date of birth is:  _____
                                                    *Date*

[ ]  disability  _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

3

8.   The facts of my case are as follows:

Plaintiff Brings forth this action after expreing sereral acts of retaliation I.e. Verbal insults, threds termination of employment. In addition Plaintiff request letter dated & Post dated. 11/7/05 recived on 2-9-06 Said to have been drafted out of "compelment" be stricken from the record as the entry has been understood to be an act of Barratry. A timely responce would have been entered by plaintiff if in fact the letter 11-7-05..

*(Attach additional sheets as necessary)* See 4(b)

**Note:**   *As additional support for the facts of your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.*

9.   It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: February 7. 2005
*Date*

10.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: December 9. 2004 .
*Date*

4

April 17, 2006

United States District Court
Southern District of New York

Eleana Genao
                    Plaintiff.

            V.

Avon Salon & Spa

                    Defendant

Re: Page four. Continuation. question #8

...would have been recieved before
the commission entered their determinatio
on November 29, 2005, and not on the
exact same date the U.S.E.E.O.C.
entered their determination on feb 9, 2006

Supporting Documents Dated. Feb 17, 2005
Feb 25, 2005 March 11, 2005 June 22, 2005
July 13, 2005 July 19, 2005 July 20, 2005
July 25, 2005 Sept 1, 2005 Sept 17, 2005
Sept 27, 2005 Oct 18, 2005 Nov 29, 2005. enclose
                    4 (h)

**Only litigants alleging age discrimination must answer Question # 11.**

11.   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*,

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.


12.   The Equal Employment Opportunity Commission (check one):

_____   has not issued a Right to Sue letter.

✓   has issued a Right to Sue letter, which I
received on  2. 9. 2006  .
            *Date*

NOTE:   *Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.*


      WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

_____
      *PLAINTIFF'S SIGNATURE*

Dated: April 6. 2006 _____

5



# COMMISSION ON HUMAN RIGHTS
**40 RECTOR STREET, NEW YORK, NY 10006**
**Telephone: (212) 306-7560 TDD: (212) 306-7686**
**Fax: (212) 306-7658 www.nyc.gov**

### PATRICIA L. GATLING
*Commissioner and Chair*

February 17, 2005

Elena Genao
136-46 62nd Road, Apt. No. 1
Flushing, NY 11367

Dear Ms. Genao:

Enclosed you will find a draft of your complaint. The allegations in the complaint are based upon information provided at your interview. Please be advised that the notarized complaint must be returned to the Law Enforcement Bureau in order for your case to be formally filed and served.

Please check the complaint for accuracy. If changes are necessary, return the complaint with the changes noted legibly in the margins. If the complaint accurately states your allegations, you must sign it before a Notary Public. Enclosed is a stamped and addressed envelope which you may use to return your complaint to the Law Enforcement Bureau.

If you have any questions, you may contact me at (212) 306-7417.

Very truly yours,

Petros Solomon
Human Rights Specialist

**Protecting and Promoting Human Rights Since 1955**

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS

Complaint No:
M-E-NR-05-1016743-E

+-----------------------------------------------------+
| **In the Matter of the Complaint of**               |
|                                                     |
|   ELENA GENAO,                                      |
|                                                     |
|                               Complainant,          |
|         - against -                                 |
|                                                     |
| AVON SALON & SPA,                                   |
|                                                     |
|                               Respondent            |
+-----------------------------------------------------+

<u>Verified Complaint</u>

Federal Charge No.
16FA500061

Elena Genao, complaining of respondent(s), alleges as follows:

1. Complainant Elena Genao is <u>Hispanic of Puerto Rican national origin</u>. Her address is 136-46 62nd Road, Apt. No.1, Flushing, NY 11367.

2. Respondent Avon Salon & Spa is an employer as defined by Section 8-102 of the Administrative Code of the City of New York and employs fifteen (15) or more employees. Its address is 725 5th Avenue, New York, NY 10022.

3. Complainant was hired by Respondent Avon Salon & Spa ("Avon Salon") in December 2003.

4. From August 18, 2004 to December 8, 2004, Avon Salon's management and stylists subjected Complainant to continual harassment including, but not limited to, addressing her in a demeaning manner, making racial remarks, such as, "...these fucking Latinos are going to bring the place down," issuing her unwarranted disciplinary memos, falsely accusing Complainant of wrong-doing and threatening to terminate her employment. Upon information and belief, <u>Respondents do not treat</u> similarly-situated Hispanic or non-Puerto Rican employees in the same manner.

5. On several occasions, Complainant reported the foregoing harassment and the polluted work environment to management. Respondents took no corrective action.

6. On December 8, 2004, Respondent Avon Salon terminated Complainant's employment.

7. Complainant charges that Respondents have discriminated against her by denying her equal terms and conditions of employment, subjecting her to a hostile work environment and terminating her employment because of her race and national origin, in violation of Section 8-107.1(a) of the Administrative Code of the City of New York.

8. Complainant also charges that the Respondents have violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., on the basis of her race and national origin, and hereby authorizes the New York City Commission on Human Rights to accept this Verified Complaint on behalf of the Equal Employment Opportunity Commission, subject to the statutory limitations contained in Title VII.

CITY OF NEW YORK   )

Elena Genao, being duly sworn, deposes and says: that I am the complainant herein; I have read (or had read to me) the foregoing complaint and know the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believe the same to be true.

_____
(Signature of Complainant)

Subscribed and sworn to before me
this *February 25, 2005*

_____
(Signature of Notary Public)

ARABELIS A. CAMPOS
Notary Public, State of New York
No. 01CA5049476
Qualified in Bronx County
Certified in New York County
Commission Expires September 18, 2005

March 11, 2005

By Certified Mail
City of New York
Commission on Human Rights
40 Rector Street 9th Floor
Att: Human Right Specialist Petros Solomon

Re: Compliant No: M-E-NR-05-1016743-E
     Verified Compliant Federal Charge No.
     16FA500061

Dear: Mr. Solomon

Regarding verified complaint it appears biased upon re-examining the charge that
paragraph 1 and 4 would not completely express reality of the matter. As such an
amendment in the complaint is here by requested.

First re: paragraph 1 I would like to be recognized as a Black Hispanic

Second re: paragraph 4 " Upon information and belief, <u>Respondents do not treat</u>
similarly-situated Hispanic or non Puerto Rican employees in the same matter." This is
here by amended to read. " <u>Respondents would treat</u>" similarly situated Hispanics in the
same matter if in the event those similar complaints were filed by them. These
amendments I believe to be necessary to avoid misconstruction of the matter.

Please be advised that my name is spelled Eleana

Sincerely

Eleana Genao

Cc: Avon Salon & Spa
     725 Fifth Ave New York, NY 10022



**COMMISSION ON HUMAN RIGHTS**
40 RECTOR STREET, NEW YORK, NY 10006
Telephone: (212) 306-7560 TDD: (212) 306-7686
Fax: (212) 306-7658 www.nyc.gov

PATRICIA L. GATLING
*Commissioner and Chair*

June 22, 2005

Elena Genao
136-46 62nd Road, Apt. No. 1
Flushing, NY 11367

Re: <u>Elena Genao v. Avon Salon & Spa</u>
     Complaint No. M-E-NR-05-1016743

Dear Ms. Genao:

Enclosed is a position statement submitted by Avon Products, Inc. in response to the above-referenced Complaint. Please review the statement and submit your rebuttal within twenty (20) days. I may be reached at (212) 306-7417, if you have any questions.

Very truly yours,

Petros Solomon
Human Rights Specialist

**Protecting and Promoting Human Rights Since 1955**

July 13, 2005


New York Commission on Human
Mr. Petros Solomon Investigator
40 Rector Street, 10th Floor
New York, NY

Re.:    Genao v. Avon Salon & Spa
        Complaint No.: M-E-NR-05 1016743-E


Dear Mr. Solomon,

I write regarding the above complaint and the response entered by respondent dated June 17,

2005 representing that my discharge from its establishment "resulted solely from her ongoing

lack of teamwork and cooperation and not any complaints."

1.  As reading the verified answer I realized that I failed to submit to this commission
    exhibits that would further give merit to this charge.  This would include a doctor's note
    dated 11/04/2004 explaining that I was seen for nose bleeds.  On page 4 respondents
    verified answer it has been asserted that "Navarro declined her request." This however is
    a misrepresentation of the fact that it was Jill Marie (a Caucasian) and not Navarro
    (Hispanic) who denied the request.  This representation that it was Navarro (not Jill
    Marie) who declined my request to see a doctor because I was experiencing nose bleeds,
    is strategically done so as to imply that the denial of the reasonable request was not in
    retaliation for complaints raised on that date November 04, 2004.


2.  On page 3 of the respondents verified answer to the complaint at paragraph 1 stating that
    "Genao did not come to work and did not call Avon to advise anyone of her absence"
    enclosed is a vacation personal day requesting the following time off for the dates
    08/07/2004, 08/09/2004 the date 08/10/2004 is a misrepresentation of the facts in an
    effort to obscure the reality this is made evident in the pay stub receipt indicating pay
    date 08/13/2004 where I received payment for everyday except for days I requested
    leave.

3. Respondents verified answer at page four at paragraph three states that "On 11/17/04 Genao refused to do a quick blow dry for an Avon 'employee' and then proceeded to stand and do nothing." It has been my position then and now that my duties in no way include performing "quick blow dries" to Avon employees this "request" has been understood to be an abusive tactic in retaliation of the complaints made. Enclosed Avon Salon & Spa assistants duties signed 09/02/2004.

4. It has been understood throughout the body of the respondent's answer that the persons who have reacted unfavorably towards myself were persons belonging to my own native origin. When in fact "these persons" were Caucasian particularly Jill Marie DePrado (General Manager), Nasereen Davision (Human Resources), George Crittenden (Hair Stylist), Cynthia Villareal (Hair Stylist), Julia Macheros (Hair Stylist), Sara Herald (Spa Manager) with the exception of Simone McBride who was the person who insisted that it was my duty to cater to her personal desires I believe that her unkind demeanor was as a result of the complaints to upper management about other co-workers who [she] may have developed comradery. It is further asserted that not only has this verified answer represented persons who are members of my own national origin in those instances where the [matter] was before a Caucasian. But the verified answers also misrepresents dates, such has been recognized on two separate incidents. One took place on the 23rd of September however it is represented on page 3 paragraph 3 respondents verified answer that the incident took place September 22. In regard to the "written warning" given to George Crittenden verified answer exhibit 8 referring to inappropriate language being used, has been recognized as a farce simply because the incident where Mr. Crittenden used inappropriate language reassuring that he will give feedback through "appropriate channels" took place on 10/14/2004 and not on the 13 of October as represented.

5. Finally, I do hereby affirmatively deny the allegation that I informed anyone at Avon at anytime that I intended to sue Avon and "build a hotel and buy a house" in the event that as a result of my experiences this commission would enter a finding of fact that I was subjected to discrimination and or retaliation for voicing (To: Ms. Jill Marie DePrado and Nasereen Davidson) complaints about derogatory comments regarding my national origin in addition to complaints about co-workers who have harassed and even threaten death.

Dated:  July 13, 2005 (New York, New York)

_____
Eleana Genao
136-46 62nd Road, First Floor
Flushing, NY 11367
347-273-0773

CC:     Vedder Price Kaufman & Kammholz
        805 Third Avenue
        New York, NY 10022

# VEDDER PRICE

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
805 THIRD AVENUE
NEW YORK, NEW YORK 10022
212-407-7700
FACSIMILE: 212-407-7799

JONATHAN A. WEXLER
212-407-7732
jwexler@vedderprice.com

OFFICES IN CHICAGO, NEW YORK CITY, AND ROSELAND, NEW JERSEY

July 19, 2005

## BY OVERNIGHT MAIL

Mr. Petros Solomon
Investigator
New York City Commission on Human Rights
40 Rector Street - 10th Floor
New York, New York  10006

Re:   <u>**Genao v. Avon Salon & Spa; Complaint No. M-E-NR-05-1016743-E**</u>

Dear Mr. Solomon:

On behalf of our client, respondent Avon Products, Inc. ("Avon" or the "Company") (incorrectly styled "Avon Salon & Spa" in the caption hereof), we are writing in response to the July 13, 2005 rebuttal of Eleana Genao ("Genao" or "complainant") to Avon's June 17, 2005 position statement.  In summary, while much of the rebuttal is incomprehensible, what can be deciphered is largely a collection of irrelevancies which do nothing to establish a claim of discrimination or retaliation, refute Avon's legitimate business reasons for its treatment of Genao, or substantiate her own credibility or recognition of the material issues in this case.  We wish to call a few examples to your attention:

In connection with numbered paragraph 1 of Genao's rebuttal, complainant misses the point.  The identity of the manager who declined Genao's request is irrelevant (although Avon believes that it was Navarro).  What is important is Genao's insubordinate response to the declination, *i.e.*, complainant's unilateral decision to call in sick when she did not get her way.

In connection with numbered paragraph 2, complainant encloses a vacation/personal day request form in an attempt to refute Avon's statement (at page 3 of its position statement) that Genao failed to report to work or to call in on August 10, 2004.  However, the form Genao submits does not purport to excuse her from work on August 10, but only on August 7 and 9.  Thus, complainant's own offer of proof serves to buttress Avon's position herein.

In numbered paragraph 3,  Genao essentially admits that she refused to perform a blow dry at the Salon & Spa on November 17, 2004, and she maintains that performing blow dries is not part of her job.  Genao's own words serve to demonstrate the uncooperative approach to her job and her lack of teamwork that resulted in her dismissal.  Genao does not determine her job duties, Avon

**VEDDERPRICE**

Mr. Petros Solomon
July 19, 2005
Page 2


management does. The written job description attached as Exhibit 5 to Avon's position statement requires Salon Assistants to "always be helpful, respectful and gracious to clients." This applies even if the client is an Avon employee, despite Genao's failure (or refusal) to understand that basic principle of excellent customer service.

In her numbered paragraph 4, Genao seeks to characterize the warning given to Crittenden as a "farce" solely because she believes the incident occurred on October 14 rather than October 13, 2004. Genao's attempt to undermine Avon's good-faith prompt remedial action taken with regard to Crittenden's comment based on this utterly meaningless distinction in dates can only be viewed as frivolous.

Although complainant's rebuttal is replete with bald allegations of unlawful retaliation, Genao never once attempts to refute the fundamental position spelled out in Avon's position statement that the overwhelming majority of complaints that she registered as an employee had nothing whatsoever to do with her being a member of any protected category. Nor does she effectively refute the plain fact that she was discharged by Avon due to her lack of cooperation and teamwork.

Accordingly, Genao's complaint should be dismissed without further proceedings. However, if you have any further questions in connection with your investigation, please give me a call.

Thank you very much.


Very truly yours,

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.



By: _____
      Jonathan A. Wexler

Attorneys for Respondent Avon Products, Inc.



**COMMISSION ON HUMAN RIGHTS**
40 RECTOR STREET, NEW YORK, NY  10006
Telephone: (212) 306-7560 TDD: (212) 306-7686
Fax: (212) 306-7658  www.nyc.gov

PATRICIA L. GATLING
*Commissioner and Chair*

July 20, 2005

Eleana Genao
136-46 62nd Road, Apt. No. 1
Flushing, NY 11367

Re: Eleana Genao v. Avon Salon & Spa
    Complaint No. M-E-NR-05-1016743-E

Dear Ms. Genao:

Enclosed is a supplementary statement submitted by Avon Salon & Spa in response to your rebuttal.  I may be reached at (212) 306-7417, if you have any questions.

Very truly yours,

Petros Solomon
Human Rights Specialist

**Protecting and Promoting Human Rights Since 1955**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE-POSTMASTER

Received From:

*Eleana Genao*
*136-46 62nd Road*
*Flushing Queens N.Y. 11367*

One piece of ordinary mail addressed to:

*Human Rights Commission*
*40 Rector Street 10th Floor*
*New York New York.*
*ATT: Petros Solomon. 10006*

PS Form **3817**, January 2001

July 25, 2005

By United States Postal Service
Mr.Petros Solomon Investigator
40 Rector Street, 10th Floor
New York, New York

Re:   Genao vs. Avon Salon & Spa
      Complaint No: M-E-NR-05-1016743-E

Dear Mr. Solomon:

I write in response to supplementary statement submitted by Avon Salon & Spa.
In response to the rebuttal dated July 13, 2005 that have been noted as incomprehensible.

In connection with numbered paragraph 1 rebutting avon position that I advised Navarro that I "would call in sick the next day and complain to avon Human Resources department." Is a complete misrepresentation of the facts  The request was made simply because it was a fact that I was experiencing nose bleeds and the denial of the reasonable request for leave so that I may receive medical attention had been viewed as totally unreasonable and abusive. The complaint to human resources was not soly to complain of the matter regarding the denial of the reasonable request but for several other incidents that took place over a time span beginning August 18, 2004 and was already schedule to take place.

In connection with numbered paragraph 2 rebutting avon position statement that I failed to report to work or call in on the 10th of August 2004 therefore the form submitted to serve as proof that I was given leave on the 7& 9 thus having no relevance to the 10th totally disregards my regular day's off which were the 8 & 10th thus the request to take off on these days were not necessary.

*gratuitous .*

In connection with numbered paragraph 3 rebutting avon position statement regarding the matter of the request (interpreted as an order) to perform a gratuities service for avon employee and my refusal to do so, arises from the fact that it has not been my experience at avon or any other corporation in the hairstyling industry where employee's perform gratuitous their skills for other employee's. The language in the respond verified answer

would indicate that there exist a policy at Avon where such are the practices of that corporation. If there does exist such a policy I certainly was not information of such. If I were, I two would take advantage of such a service. I however am in the business of hairstyling and the notion to have one performed such services on me simply because I am employed by the corporation has never occurred to me. As such the request had been interpreted as unethical, unprofessional, abusive and discriminatory.

In connection with numbered paragraph 4 rebutting a Avon's position statement, noting the characterizing of the warning giving to Crittenden as a farce simply because avon represents to warn Crittenden of his actions before the act was evan committed. Not to mention that the "warning" came 68 day's after the complaint was made to management and 47 day's after human resources was notified. Thus "Avon's good –faith prompt remedial action" has been viewed as farce. He was subjected to "disciplinary action" after my termination. Where fore I ask this commission to consider these facts and enter a finding of fact that the charges of discrimination as asserted have a basis for a claim.

Dated: July 25, 2005 New York, New York

*Eleana Genao*   (S.S.)

Eleana Genao
136-46 62nd Road, First Floor
Flushing, NY 11367
347-273-0773

CC:   Vedder Price Kaufman & Kammholz
       805 Third Avenue
       New York, NY 10022

<u>DETERMINATION AND ORDER AFTER INVESTIGATION</u>

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS
--------------------------------------------------------
In the Matter of the Complaint of

ELEANA GENAO,

                              Complainant,          Complaint No.: M-E-NR-05-1016743-E
                                                    Federal Charge No.: 16FA500061

       -against-

AVON SALON & SPA,

                              Respondent.
--------------------------------------------------------

On February 25, 2005, Eleana Genao ("Complainant") filed a Verified Complaint ("Complaint") with the Commission on Human Rights ("Commission") charging ("Respondent") with unlawful discriminatory practices in violation of the Administrative Code of the City of New York.

After investigation, the Commission has determined that there is NO PROBABLE CAUSE to believe that Respondent engaged in the unlawful discriminatory practices alleged in the Complaint.

Complainant, who is Hispanic, identifies her national origin as Puerto Rican. She alleges in her Complaint that stylists and other supervisory personnel at Respondent Avon Salon & Spa subjected her to discriminatory harassment and terminated her employment because of her race and national origin. Specifically, Complainant alleges that she was subject to discriminatory racial remarks, unwarranted disciplinary memoranda, and fired because of discriminatory animus against Puerto Ricans.

Respondents deny the allegations of discrimination.

Respondent Avon Salon & Spa ("Avon") provides beauty and personal care services. In December 2004, Respondent hired Complainant as styling assistant. As a styling assistant, Complainant was responsible for blow-drying hair, ensuring that supplies and equipment were available and clean, getting coffee and water for clients, and performing other related duties.

Complainant alleges that racial remarks by the stylists whom she was assigned to assist began to occur on regular basis about eight months after she began her employment. On August 18, 2004, Complainant made negative comments about the stylist she was assigned to assist. A

confrontation occurred.  Afterward, the stylist apparently told her colleagues that Complainant was " a fucking idiot."  Complainant alleges that further comments were made regarding Complainant's performance and that she was called "worthless."  However, the Commission notes that the stylist made these comments, which did not have racial overtones, in connection with an argument that occurred after Complainant had made negative comments about the stylist.

Complainant also alleges that on October 14, 2004, the same stylist said, "Don't give that fucking bitch Eleana any blow dries, these fucking Latinos are going to bring this place down." In this instance, Respondents took prompt remedial action by issuing the stylist a written disciplinary warning.

According to Respondent, Ms. Navarro, Complainant's supervisor, who is also a Hispanic, had to counsel Complainant numerous times for sub-standard performance and disruptive and uncooperative behavior.  In these memoranda, Ms. Navarro advised Complainant to improve her willingness to take direction and to become less confrontational in her behavior toward her co-workers and supervisors.  Respondent asserts that between May 20, 2004, and August 2004, Complainant continued to set her own work schedule and intermittently refused to perform certain duties required of an assistant.  Several stylists whom Complainant was assigned to assist requested a new assistant because of difficulties in working with Complainant.

On September 2, 2004, Ms. Navarro issued another written warning in an attempt to reiterate Complainant's job duties and to conform Complainant's performance to Avon's policies.

On September 22, 2004, Complainant refused to do a blow dry for a client because the client had not made an appointment in advance.  Pedro Carrillo, a Hispanic manager, told Complainant that any customer had to be given service, regardless of whether that customer was a "walk-in" or had an appointment.  Complainant became loudly argumentative with Mr. Carrillo and disrupted the reception area.  On November 17, 2004, Complainant again refused to do a blow dry for an Avon employee.

Respondent also states that when speaking with clients, Complainant often disparaged Respondent's management, complained about her job, and insulted her supervisors.  On December 8, 2004, Respondent terminated Complainant's employment for poor performance.

The Commission finds no evidence to support Complainant's allegations of discrimination based upon race or national origin.  During the period under consideration, Respondent dismissed 15 employees for violating Respondent's policies and procedures.  Of these, seven were White, seven were Hispanic, and one was African-American.  As those statistics demonstrate, the styling assistants at Avon are multi-racial and multi-ethnic.  During the relevant time period, there were 13 Whites, 14 Hispanics, three African-Americans, and one Asian working as styling assistants.

Based on the foregoing, the Complaint is hereby dismissed.

Complainant may apply for review of this order by filing a request in writing for such review within thirty (30) days after the date of the mailing of this order.  The application should be addressed to the Office of the Chair, New York City Commission on Human Rights, 40 Rector Street, 10th Floor, New York, New York 10006, Attn: NPC Appeals.  Please state the reasons for applying review.

DATED: New York, New York,
         September 1, 2005

COMMISSION ON HUMAN RIGHTS

By: _____
         Lanny R. Alexander
         Managing Attorney
         Law Enforcement Bureau

NOTICE TO:

Ms. Eleana Genao
136-46 62nd Road, First Floor
Flushing, NY 11367

Avon Salon & Spa
725 Fifth Avenue
New York, NY 10022

Jonathan A. Wexler, Esq.
Vedder, Price, Kaufman & Kammholz
805 Third Avenue
New York, NY 10022-7513

U.S. POSTAL SERVICE    **CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:

Eleana Genao
136-46 62 RD
Flushing N.Y. 11367

One piece of ordinary mail addressed to:

Commission on HumanRights
office of the chair
40 Rector st 10 Floor
New York 10006 Attn: NPC Appeals

PS Form 3817, January 2001

September 17, 2005

By United Postal Service
Office of the chair
New York City  Commission on H
40 Rector Street
Rector Street 10th Floor New Yor
Attn: NPC. Appeals

Re: Detemination and order complaint No: M-E-NR-05-1016743-E
Federal Charge No: 16FA500061.  Following reasons appealing for review.


I,  Eleana Genao here and after "complainant" did not filed a verified complaint on
February  25, 2005. It was in fact on February 7,2005. Charging "respondent" with
unlawful discriminatory practices in violation of the administrative code of the City of
New York.

1.  The determination that there is <u>no probable cause</u> to believe that respondent
    engaged in unlawful discriminatory practice as alleged in complaint, has
    completely disreguarded  the termination of employment complainant alleged was
    as a result of "complainanant" excercing her rights as an employee under title VII
    Civil rights acts of 1964.

2.  The representation that complainant has identified her national origin as Puerto
    Rican appears to have been misconstrued. Although it holds true that
    complainants  mother was born in the island of Puerto Rico complainant is a New
    York native and has identified her race as a black Hispanic, as "Puerto Rican" is
    not a race. Secondly complaint denies the assertion that she was fired because of
    discriminatory animus against Puerto Ricans complainant has always represented
    that the pretext of the racial remarks and discriminatory practices leading up to

    termination of employment was as a result of  excerting her rights as an employee
    under  title VII.

3.  The language interpreted in the commissions findings, has indicated that
    complainants eight amendment rights would not have been violated,  i.e.
    subjected to an insulting, abusive and discriminating work environment  had
    complainant not asserted her rights as an employee under title VII  is ridiculous.
    The above could be observed in the commissions arriving to the conclusion,
    finding a basis in respondants advisement that complainant "<u>should improve her
    willingness to take direction and to become less confrontational</u>" In other

words,the commission has stated using the above as a basis, that it would have been in the best intress of complainant to conform to the insult and submit without question.Complainant asserts the right and or obligation to expose the discrimination and insult for a more peaceful work environment.

4.  Complainant afirmitively denies refusing to perform her duties as a hairstylist Assistance on September 22, 2004 and has clearly explained her position as to why a refusal of service on November 17,2004 in the letter address to the commission on Human Rights dated July 25,2005 their at paragraph 4. It has appeared however that this commission regards exploitation, a practice where employee's are to be subjected to at the employer discretion.

5.  Thought the commiss ion has "found no evidence to support discrimination based upon race or nation origin"(with reguard to the ratio of whites & blacks employed by Avon.) this complaint dose not intent to argue that Avon's work enviorment is not diverse.  It simply asserts that one has been subjected to discrimination resulting from complaints of abuse and insult.

Finally, it should be noted that although it has been represented that the termination of employment was as a result of insubordination or misconduct for refusing to follow a directive, i.e. refusing to serve an Avon client coffee and water.  This, however has not disqualified complainant from receiving unemployment insurance benefits.  This, proves contrary to that of a Supreme Court Decisions where a party would be disqualified from receiving such benefits, due to representation that a party was terminated for insubordination or misconduct.

Therefore, complainant resubmits this complaint for further review.

Dated New York, New York
September 17, 2005

Eleana Genao
136-46 62nd Rd.
Flushing, New York 11367
718 962 - 4359



**COMMISSION ON HUMAN RIGHTS**
40 RECTOR STREET, NEW YORK, NY 10006
Dial 311   www.nyc.gov/cchr

PATRICIA L. GATLING
*Commissioner and Chair*

September 27, 2005

Lanny R. Alexander
Managing Attorney
Law Enforcement Bureau
NYC Commission on Human Rights
40 Rector Street - 9th Floor
New York, New York 10006

Eleana Genao
136-46 62nd Rd.
Flushing, NY 11367

Jonathan A. Wexler, Esq.
Vedder, Price, Kaufman & Kammholz
805 Third Avenue
New York, NY 10022-7513

Re:   Eleana Genao v. Avon Salon & Spa
      Complaint #: M-E-NR-05-1016743-E, EEOC No. 16FA500061
      GC # 05-549N

To all parties:

An appeal in the above-captioned action is pending. The parties are invited, although not required, to submit written comments relating to the appeal. If you choose to submit comments, you must send them to the New York City Commission on Human Rights, 40 Rector Street, New York, New York 10006, Attn: Office of the General Counsel. Requests for an extension of time to submit comments, and any other questions, must be in writing and should be directed to the Office of the General Counsel at the address indicated above. All correspondence with the Office of the General Counsel, including comments and requests for extensions, should also be forwarded to the other parties listed above.

Complainant's comments (if any in addition to your appeal letter) are due on or before October 18, 2005; respondent's comments (if any) are due on or before November 8, 2005; and the Law Enforcement Bureau's comments (if any) are due on or before November 29, 2005.

Sincerely,

Sol M. Rivera
Office of Docketing

cc:   Office of the General Counsel

**Protecting and Promoting Human Rights Since 1955**

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Elena  Genao**<br>      **136-46 62nd Road #1**<br>      **Flushing, NY 11367** | From:   **New York District Office - 520**<br>         **33 Whitehall Street**<br>         **5th Floor**<br>         **New York, NY 10004** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16F-2005-00061** | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

_____
Spencer H. Lewis, Jr.,
**Director**

FEB - 9 2006

*(Date Mailed)*

cc:  **AVON SALON & SPA**
      **725 5th Avenue**
      **New York, NY 10022**
      **Attn: Director of Human Resources**

Jonathan A. Wexler, Esq.
Vedder, Price, Kaufman & Kammholz
805 Third Ave.
New York, NY 10022-7513

Notice to:

Lanny Alexander
Managing Attorney
Law Enforcement Bureau
New York City Commission on
    Human Rights
40 Rector Street
New York, New York 10006

Eleana Genao
136-46 62nd Road
Flushing, New York  11367

Jonathan A. Wexler, Esq.
Vedder, Price, Kaufman & Kammholz
805 Third Avenue
New York, New York  10022-7513

**THE CITY OF NEW YORK**
**COMMISSION ON HUMAN RIGHTS**
---------------------------------------------------------x
ELEANA  GENAO,

                       Complainant,

            - against -

AVON SALON & SPA, et al.

                      Respondents.
---------------------------------------------------------x

DETERMINATION AND ORDER
AFTER REVIEW
Complaint No. 1016743
GC No. 05-549N
Federal No.: 16FA500061

Complainant requests review of the No Probable Cause Determination dismissing the above-captioned complaint.

In considering complainant's request, I have reviewed the following: the complaint; the answer; comments from all parties (if submitted); the Determination and Order after Investigation; and complainant's request for review.

Upon review of these materials, I hereby affirm the Determination and Order after Investigation dismissing the complaint.

Pursuant to Section 8-123(h) of Title 8 of the Administrative Code of the City of New York, complainant has thirty (30) days after service of this Order to seek review in the New York State Supreme Court.

Dated:  New York, New York
       November 29th, 2005

                         **IT IS SO ORDERED.**
           **NEW YORK CITY COMMISSION**
                **ON HUMAN RIGHTS**

                **PATRICIA L. GATLING**
                Commissioner/Chair

**Investigation Notes – November 22nd, 2004**
**Cynthia Villarreal**

Assistant was out for the day.  Had 2 clients, needed help.  Went to look for help.
Saw a couple of assistants, but none were available to help.  Went to back,
Eleana was hanging out in the dispensary.

Asked her what she was doing.  Eleana said "Don't worry about me, I'm not your
assistant".  Cynthia said "First of all, you an assistant for style, not color.  Why
are not on the style side?".  Eleana said "Don't worry about me".  Cynthia said
"Technically, you're an assistant of the salon, of avon, not just the person you are
working for.  Eleana answered "You don't worry about me, I'm not your
assistant".

No physical contact, no fingers waving.
Never saw someone with that bad of an attitude and be able to keep a job.

Witnesses: Gizelle
Note: Cynthia was given a written note in her file in regard to this incident.

Also – professional conduct policy to give out to Cynthia.

Re: Letter dated: October 18, 2005
Per Defence Responce: June 17, 2005

Ex 7.

## ASSISTANTS SCHEDULE
### WEEK OF 11/27/04

| | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
| ANA | 10:00 - "CLOSE" | OFF | CYNTHIA 11:00 - 8:00 | CLOSED | CYNTHIA 10:00 - 7:00 QD | FLOAT 10 - CLOSE |
| BEATRIZ "SUNDAYS" | 10:00 - 6:00 QD | QD 10:00 - 4:00 | QD 10/CLOSE | CLOSED | QD 10:00 - 4:00 | QD 10:00 - 4:00 |
| ELEANA | (OFF) | DEVEN 10:00 - 7:00 QD | DEVEN 10:00 - 7:00 QD | CLOSED | DEVEN, ZAK, MIKE 11:00 - CLOSE | DEVEN 9:00 - 6:00 QD |
| FAITH | OFF | OFF | CHRIS | CLOSED | OFF | OFF |
| GRACE | OFF | GEORGE OFF 10:30 - 5:00 | GEORGE 9:00/6:00 QD | CLOSED | GEORGE 9:00 - 7:00 BD | GEORGE 9:00 - CLOSE QD |
| MARIA | LIELL 8:30 - CLOSE QD | LIELL 8:30 - 4:00 | LIELL 10:30 - CLOSE | CLOSED | OFF | BD 9:00 - 6:00 |
| MARISOL | OFF | BD 8:00 - 5:00 | BD 8:00 - 5:00 | CLOSED | OFF | BD 9:00 - 6:00 |
| NINA | OFF | AIINA 10:00 - 6:00 | AIINA 10:00 - 6:00 | CLOSED | OFF | AIINA CLOSE |
| PATRICIA | OFF | FOTO 10:00 - 6:00 | FLOAT 10:00 - 7:00 | CLOSED | OFF | OFF |
| TIA | CLARK 9:00 - 5:00 QD | JOELLE 9:30/6 | JOELLE 9:30/6:30 QD | CLOSED | OFF | OFF |
| IRINA | OFF | JOELLE 9:30 - 6 | JOELLE 8:30 - 6:30 QD | CLOSED | OFF | OFF |

October 18, 2005

U.S. POSTAL SERVICE          CERTIFICATE OF MAILING

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:

Eleana Genao
136-46 62 Rd
Flushing N.Y 11367

One piece of ordinary mail addressed to:

Co Att: Lanny R. Alexander
Commission on Human Rights
46 Rector Street 9th Fbor
New York New York 10006

PS Form 3817, January 2001

By, United States Postal Service
NYC Commission on Human R
40 Rector , Street New York, N
Ninth Floor

Att: Lanny R. Alexander
Managing Attorney
Law Enforcement Bureau

Re: Genao V. Avon Spa and Salon
Complaint # M- E- NR-05-1016743-E, EEOC No. 16FA500061 GC# 05-549N

Complainant here-in submits (a copy of work schedule for the week of the 27th of November 2004 where-in clearly exhibits complaint to be off duty on the 22nd of November 2004. This would in fact render the " investigation Notes" for said date questionable, complainant feels this action reflects respondent in accuracies (as previously explained ) of particular events, events represented or those events already brought to the attention of this commission.

Wherefore complainant respectfully submits this to be included and considered to be a finding of fact that the charges of discrimination as asserted have a basis for a claim.

Respectful Submitted

Eleana Genao
Complaint

Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

ELEANA GENAO,                                   :

                   **Plaintiff,**          :          06 Civ. 3667 (RWS)

                   v.                       :

AVON SALON & SPA,                               :

                  **Defendant.**          :
-----------------------------------------------------X

## ANSWER

Defendant Avon Products, Inc. ("defendant" or "Avon") (sued herein as "Avon Salon & Spa"), by its attorneys, Vedder, Price, Kaufman & Kammholz, P.C., hereby answers the complaint of plaintiff Eleana Genao ("plaintiff" or "Genao") as follows, in the same order as the paragraphs therein appear:

In response to the allegations at page one of the complaint, defendant denies that it discriminated or retaliated against plaintiff on the basis of her race, national origin, or any other protected characteristic, or alleged protected activity, pursuant to Title VII of the Civil Rights Act of 1964, as amended, or any other statute.

The allegations at page two of the complaint in the paragraph as to jurisdiction constitute mere legal assertion to which no response is required.  To the extent, however, that said paragraph contains any factual allegations, defendant denies the same.

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the complaint.

2.  Defendant denies the allegations in paragraph 2 of the complaint.

3.  Defendant admits that plaintiff's workplace was located at the address set forth in paragraph 3 of the complaint.

4.   Defendant denies that it committed any of the discriminatory conduct alleged in paragraph 4 of the complaint.

5.   As paragraph 5 of the complaint contains no allegations, defendant does not respond thereto.

6.   Defendant admits that it is not currently discriminating against plaintiff, and denies that it ever did so.

7.   Defendant denies the allegations in paragraph 7 of the complaint.

8.   Defendant denies the allegations in paragraph 8 of the complaint, and denies that it discriminated or retaliated against plaintiff in any way at any time.

9.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the complaint.

10.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the complaint.

11.   As paragraph 11 of the complaint contains no allegations, defendant does not respond thereto.

12.   Defendant admits upon information and belief that the Equal Employment Opportunity Commission issued a Right-to-Sue letter, but is without knowledge or information sufficient to form a belief as to when plaintiff received same.

Defendant denies that plaintiff is entitled to any of the relief requested, and denies the factual allegations, if any, contained in the prayer for relief.

**WHEREFORE,** defendant prays that the Court dismiss plaintiff's complaint, and award defendant its attorneys fees, costs and disbursements herein, along with such further relief as the Court deems just and proper.

Dated: New York, New York
      September 14 , 2006

                        Respectfully submitted,

                        VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

                        By:     _/s/ Jonathan A. Wexler_____
                               Jonathan A. Wexler (JW 5587)

                        Attorneys for Defendant Avon Products, Inc.

                        805 Third Avenue - 23rd Floor
                        New York, New York  10022
                        (212) 407-7700

## Answers to Complaints

1:06-cv-03667-RWS Genao v. Avon Salon & Spa

### U.S. District Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Wexler, Jonathan Alan entered on 9/14/2006 at 10:54 AM EDT and filed on 9/14/2006

**Case Name:**       Genao v. Avon Salon & Spa
**Case Number:**    1:06-cv-3667
**Filer:**                 Avon Salon & Spa
**Document Number:** 5

**Docket Text:**
ANSWER to Complaint. Document filed by Avon Salon & Spa.(Wexler, Jonathan)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/14/2006] [FileNumber=2611723-0
] [721a5fc4e078dd2a7f4a3f66959e6148e762ad48b6f3a3d90f50b41b7de7edf5ac9
099a8c10896909701cf5219eab4079bd303daa60d443a62888730bd02cf4e]]

**1:06-cv-3667 Notice will be electronically mailed to:**

Jonathan Alan Wexler     jwexler@vedderprice.com, ecfnydocket@vedderprice.com

**1:06-cv-3667 Notice will be delivered by other means to:**

Eleana Genao
144-77 41 Avenue
Apt.# 419
Flushing, NY 11355

**Rule 56.1**
**Statement**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELEANA GENAO,                              :

                Plaintiff,          :          06 Civ. 3667 (RWS)

               v.                      :

AVON SALON & SPA,                          :

                Defendant.         :
-------------------------------------------------------X

## DEFENDANT'S STATEMENT OF UNCONTESTED MATERIAL FACTS

Defendant Avon Products, Inc. (s/h/a "Avon Salon & Spa"), by its attorneys Vedder, Price, Kaufman & Kammholz, P.C. and pursuant to Local Civil Rule 56.1 of the Southern District of New York, hereby sets forth its statement of uncontested material facts upon which it relies with respect to its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, as follows:

1.     Plaintiff Eleana Genao ("plaintiff" or "Genao") resides in the County of Queens, New York, and is an Hispanic female of Puerto Rican national origin (Complaint, pp. 2, 3)[1]

2.     Defendant Avon Products, Inc. ("Avon" or the "Company"), a New York corporation with its principal place of business in New York City, is a manufacturer and marketer of cosmetics, fashion accessories, and gifts (DePrado Aff. ¶ 3).[2]

3.     Plaintiff was hired by Avon on or about December 16, 2003 as a hair styling Assistant in the Avon Salon & Spa (the "Salon"), which was located in Trump Tower, 725 Fifth

---

[1]  The Complaint in this action is attached as Exhibit 1 to the Notice of Motion herein.

[2]  The affidavit of Jill-Marie DePrado ("DePrado Aff."), sworn to on March 22, 2007, is attached to the Notice of Motion herein.

Avenue, New York, New York (Pl. Dep. at 9).[3]  The Salon (which was permanently closed in June 2006), provided beauty and personal care services to Avon clients (DePrado Aff. ¶ 4).

4.      Plaintiff was interviewed by Jill-Marie DePrado, the Salon's General Manager, who is Caucasian, and who offered Genao the job at the Salon (Pl. Dep. at 17; DePrado Aff. ¶ 5).

5.      As an Assistant at the Salon, plaintiff was responsible for assisting the Stylists or Technicians who performed the hair care services for Avon's clients.  An Assistant's duties including blow-drying and shampooing clients' hair; cleaning and laying out the equipment (hair brushes, combs, scissors, etc.) that the Stylist used; serving water and coffee to clients; checking clients' coats and provide clients with robes, among other responsibilities (Pl. Dep. at 22-23).

6.      Beginning in April 2004, Genao's supervisor was Arleen Navarro, who is Hispanic and was hired by Avon at that time (Pl. Dep. at 33, 35; Navarro Aff. ¶¶ 2, 3).[4]

7.      The Salon was an ethnically diverse place at which Hispanics were hired regularly.  In that regard, of the 32 Assistants at the Salon who were in the Company's employ between August 1, 2004 and December 31, 2004, 13 were Caucasian, 14 were Hispanic, 3 were African-American, and 1 was Asian (DePrado Aff. ¶ 12).

8.      During the time that Genao worked under Navarro's supervision (until Genao's discharge in December 2004), Genao's performance and attitude toward her work were often poor (Navarro Aff. ¶ 4).

---

[3]  The pages of the transcript of plaintiff's deposition testimony ("Pl. Dep.") to which Avon cites in connection with this motion are attached as Exhibit A to the Affidavit of Jonathan A. Wexler, Esq. ("Wexler Aff.") which accompanies the motion papers herein.

[4]  The affidavit of Arleen Navarro ("Navarro Aff."), sworn to on March 19, 2007, is attached to the Notice of Motion herein.

9.      On numerous occasions beginning shortly after Navarro started working at the Salon, she had to counsel Genao about her substandard work and conduct.  Genao often stood around the Salon with her arms folded, failing to do the numerous duties that were required of her.  She had a habit of announcing to Technicians that she "was not there to get water or coffee" and otherwise made no secret of her lack of willingness to be helpful.  As a result, the Technicians whom complainant was assigned to assist frequently requested that Genao be removed as their assistant, and, consequently, she worked as an assistant to approximately five different Technicians during her Avon employment.  This number of reassignments is unusual, as well as undesirable (Navarro Aff. ¶ 5).

10.      Because of plaintiff's ongoing poor work performance and lack of cooperation, DePrado and Glenda Adams, a representative of Avon's Human Resources department, met with Genao on May 12, 2004 (DePrado Aff. ¶ 6).  At this meeting, DePrado reiterated the Company's expectations of Genao's performance and conduct, including the need for Genao to act in a professional manner, take direction willingly, and avoid confrontation with Avon management and Stylists.  DePrado prepared a written warning memorializing her and Adams' May 12, 2004 discussion with Genao and characterized it therein as a final warning (DePrado Aff. ¶ 7 and Exhibit A thereto).  Genao signed that warning notice on May 20, 2004 under the statement "My signature below indicates that I have reviewed and understand the contents of this memorandum. I am also aware that this memo will be placed in my Human Resources file" (DePrado Aff. Exh. A; Pl. Dep. at 68).

11.      On numerous occasions, Genao sought to determine her own work schedule, rather than adhere to the schedule that management of the Salon assigned her to.  In that regard, DePrado sent Human Resources representative Nasreen Davidson an email on August 24, 2004

detailing Genao's unilateral decision to work on Monday, August 23, 2004 rather than on Tuesday, August 24, as scheduled (DePrado Aff. ¶ 8 and Exhibit B thereto).

12.     In late August 2004, Navarro spoke to plaintiff about her having inappropriately dictated to one of the Technicians what she was and was not willing to do as her assistant. During that same timeframe, Navarro counseled complainant about unilaterally deciding to be a "floater" one day, rather than assist the technician to whom she was assigned (Navarro Aff. ¶ 6).

13.     At the end of August and beginning of September 2004, because of plaintiff's ongoing performance deficiencies, Navarro and Davidson met with Genao to discuss plaintiff's conduct and attitude (Navarro Aff. ¶ 7).  Pursuant to that meeting, Navarro and Davidson issued a counseling memorandum to Genao, in another attempt to confirm her job duties, and have her conform her performance and conduct to Avon's expectations, which Genao signed (Navarro Aff. ¶ 8 and Exhibit A thereto; Pl. Dep at 87).

14.     On or about August 23, 2004, Genao met with Davidson to complain about a comment that Julie Macheras, a Stylist whom plaintiff was assisting, allegedly made about Genao ("my new assistant is a f*cking idiot"), and described that comment in a letter dated August 30, 2004, in which Genao also complained about other supposedly improper and unfair treatment (Davidson Aff. ¶ 3 and Exhibit A thereto).[5]  These complaints were of claimed mistreatment by co-workers, not about any alleged discriminatory practices or discriminatory activity by Avon or any Avon employee (Pl. Dep. at 81-82).

15.     Davidson met with Genao to better understand her complaints (Pl. Dep. at 86), and then conducted an investigation of them (Davidson Aff. ¶ 4).  Davidson interviewed those

---

[5]  The affidavit of Nasreen Davidson ("Davidson Aff."), sworn to on March 20, 2007, is attached to the Notice of Motion herein.

accused by Genao as well as alleged witnesses to the incidents, and concluded that some unprofessional language had been directed toward plaintiff, although that language was the result of frustration with Genao's ongoing lack of cooperation and teamwork, and did not have any racial or other discriminatory content (Davidson Aff. ¶ 4 and Exhibit B thereto).  As a result, Avon issued counseling memoranda to Macheras and Simone McBride (Davidson Aff. ¶ 4 and Exhibit C thereto).

16.    As part of her job as an Assistant, Genao participated in classes provided by Avon to Assistants designed to develop certain skills that may enable the Assistants to progress toward becoming a Stylist.  Navarro suggested to plaintiff, as she did to the other Assistants, that she try to find individuals to whom she could offer a free styling in order to practice her styling technique.  While other Assistants made these efforts, Genao simply refused to do so, and so admitted (Navarro Aff. ¶ 9; Pl. Dep. at 80).

17.    While Assistants frequently worked on one another's hair while they had some down time, and despite the fact that two other Assistants worked on Plaintiff's hair on at least one occasion (Pl. Dep. at 138-39), Genao made it clear at the Salon that she would not do "gratitude service for employees," although other Assistants regularly provided such services, saying "I'm not other Assistants" (Navarro Aff. ¶ 9; Pl. Dep. at 78).

18.    On September 22, 2004, Genao approached Pedro Carillo, an Hispanic manager at the Salon (Pl. Dep. at 42), and advised him that she would not do a blow dry for a client at 7:00 p.m. because that client was not in the Salon's scheduling book.  Although Genao eventually stayed to do the blow-dry, she first engaged in a loud confrontation with Carillo in a public part of the Salon, and Carillo wrote an email to Navarro detailing the incident as well as his

frustration in dealing with Genao's "temperamental reactions" at the Salon (Navarro Aff. ¶ 10 and Exhibit B thereto).

19.     In October 2004, a Stylist named George Crittenden was accused of making a comment at the Salon along the lines of "don't give the Latino Assistants any blow dries to do" (Navarro Aff. ¶ 11).   Genao was not present at the time Crittenden made that comment, and learned of it from co-workers (Pl. Dep. at 48-49).   Several Hispanic Assistants, including Genao, approached Navarro and complained about that comment (Navarro Aff. ¶ 11).   Avon maintains a Professional Conduct Policy that prohibits discrimination and harassment based on employees' protected characteristics and is very serious about creating and maintaining a working environment that is free from discrimination and harassment.   Navarro investigated the complaint pursuant to that policy, which encourages the reporting of allegations of conduct based on such protected characteristics as race, gender, national origin, religion, etc. (Navarro Aff. ¶ 11 and Exhibit C thereto).   Genao signed an acknowledgement of that policy (DelPrado Aff. ¶ 9 and Exhibit C thereto; Pl. Dep. at 33).   Crittenden admitted to making the comment and apologized for it, and Navarro issued Crittenden a warning as a result of the remark (Navarro Aff. ¶ 12 and Exhibit D thereto).

20.     Other than the remark by Crittenden, Genao never heard or learned of any comment, remark or statement with any racial or other discriminatory content made during her employment at Avon (Pl. Dep. at 62), and no harassment of Genao occurred at Avon before August 18, 2004 (Pl. Dep. at 56).

21.     On October 14, 2004, a client (who regularly spent around $20,000 a year at the Salon) who was usually serviced by a Technician (Zak) whom Genao assisted was being serviced by a different Technician (Alina), and, therefore, by a different Assistant (Nina).   As

Nina began to shampoo this client's hair, Genao approached Nina and slapped her arm, asking Nina what she was doing shampooing this client, whom Genao considered to be her client. As a result of Genao slapping Nina, Nina's arm struck the client, who, fortunately, was not injured, but was quite perturbed by this exhibition. Shortly thereafter, Zak complained to DePrado about Genao's ongoing lack of professionalism, frequent disappearances, and regular refusals to be helpful (DePrado Aff. ¶ 10).

22.     On or about November 3, 2004, Genao asked Navarro whether she could have the following day off. Because of the short notice and the fact that the Salon was going to be very busy, Navarro declined her request. Genao then advised Navarro that she would call in sick the next day, and Genao took the following day off (Navarro Aff. ¶ 13; Pl. Dep. at 104-5).

23.     On November 4, 2004, Genao met with Miriam Ort of the Company's Human Resources department in order to lodge more complaints about her treatment by her co-workers (Pl. Dep. at 119-120). Genao's complaints were along the same lines as her August 2004 complaint, i.e., mistreatment by co-workers, but without any mention of statements or conduct with any discriminatory content or any reference to race, national origin, or any other protected characteristic, except that Genao again raised the comment by Crittenden, which, by that time, had been investigated and addressed (Ort Aff. ¶ 3 and Exhibit A thereto;[6] Pl. Dep. 121-23). Over the course of the next few weeks, Ort interviewed more than 12 employees of the Salon in an effort to determine the validity of Genao's complaint and memorialized those interviews (Ort Aff. ¶ 4 and Exhibit B thereto). While Avon concluded that the Company's Professional Conduct Policy had not been violated with respect to Genao (because of the absence of any

---

[6] The affidavit of Miriam Ort ("Ort Aff."), sworn to on March 21, 2007, is attached to the Notice of Motion herein.

discriminatory content in any of her complaints to Ort), Navarro and Sarah Herold, another Salon manager, were issued counseling memoranda (Ort Aff. ¶ 4 and Exhibit C thereto). Also, Crittenden was issued a warning prepared by Human Resources, in addition to the one that Navarro had presented him with in October (Ort Aff. ¶ 4 and Exhibit D thereto).

24.     On November 17, 2004, Genao refused to do a blow dry for an Avon employee, and then proceeded to stand around doing nothing (Navarro Aff. ¶ 14 and Exhibit E thereto).

25.     Despite Avon's efforts to counsel plaintiff, Genao's poor performance, lack of cooperation and teamwork, and generally bad attitude toward her job did not improve. Accordingly, Avon decided to terminate her employment (Navarro Aff. ¶ 15).

26.     On December 8, 2004, Navarro and Davidson met with Genao to discharge her. As soon as Davidson advised Genao that her employment was being terminated, plaintiff stormed out of the meeting, refused to listen to Davidson's explanations of the reasons for her discharge, went onto the Salon floor where clients were being worked on, grabbed another employee's cell phone, locked herself into a changing room, and called the police for no apparent reason, despite Davidson's and Navarro's requests that Genao return to the office to discuss the matter (Davidson Aff. ¶ 5; Pl. Dep. at 107).

27.    After Genao's discharge, an Assistant at the Salon told Navarro that sometime in June 2004 (six months earlier), when she was discussing with Genao where they saw themselves in a year, Genao said that she would be buying a hotel and a house in Puerto Rico because she was scheming to sue Avon (Navarro Aff. ¶ 16 and Exhibit F thereto).

Dated: New York, New York
       March 29, 2007

Respectfully submitted,

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

By:_____
    Jonathan A. Wexler (JW 5587)

Attorneys for Defendant Avon Products, Inc.

805 Third Avenue - 23rd Floor
New York, New York  10022
(212) 407-7700